SUSAN M. CHEHARDY, Judge.
| s>,The State of Louisiana, through the Department of Social Services, seeks review of a juvenile court ruling in a child support case. The State contests the court’s determination that the defendant is entitled to a credit for support he pays for another child who is not the subject of this proceeding and for whom there is no existing child support order. We reverse in part, affirm in part, and remand.
FACTS
This action originated in the district court, where the State initiated child support enforcement proceedings on behalf of Daisha Robert against Kedric Hughes, pursuant to La.R.S. 46:236.1.1, et seq. In July 2004, the State confirmed a default judgment against the defendant. The judgment declared that the defendant is the biological father of the minor child D.R. and ordered the defendant to pay child support in the amount of $201.00 per month.
The State then filed a motion to transfer the case to juvenile court for enforcement and modification, as provided in La.R.S. 46:236.2(A)(2).
Thereafter the defendant twice filed show-cause rules seeking reduction of the amount payable, on the ground he has other dependents. Both those rules were dismissed due to the defendant’s failure to appear in court on the assigned days.
lain March 2007, the defendant was held in contempt for falling in arrears on his payments. He was sentenced to 30 days in jail, which was suspended based on his making timely payments in future, including an additional $10 per payment toward the arrears. Including court costs, the total payments were set at $221.55 per month.
In October 2007 the State filed a motion to modify support, alleging there had been a change of circumstances because it had been more than three years since the last review. The State recommended that support be increased to $522.00 per month, based on the current income of the parties.
The hearing officer found that the defendant’s average monthly income was $3,949.61 and Ms. Robert’s average monthly income was $2,103.86. On November 9, 2007 the hearing officer increased the amount of support to $522.00 per month, plus court costs, for a total of $548.10 per month.
The defendant disagreed with the support calculation because it did not include credits for his children who were not the subject of this proceeding. He requested a hearing before a judge.
The “disagreement hearing” took place on December 3, 2007 before a juvenile judge. The defendant testified as follows: In addition to D.R. (age twelve), he has two other biological children, J.H. (age eleven) and K.H. (age one). They do not live with him, and he does not have a current order of support for either of those children. He is paying private school tuition of $250.00 per month for J.H., by *807 agreement with J.H.’s mother. He provided the court with tuition receipts and a printout of the tuition payments. He testified he also pays for summer camp for J.H., which he estimated is about $850.00, but he had no documents to establish that claim. The court estimated he is paying $2,500.00 per l4year for J.H. He did not bring anything to establish how much he pays for the one-year-old.
The court granted a “second family credit” of $208.00 per month to the defendant against the amount set by the hearing officer, setting support at $314.00 plus five percent court costs per month, for total payments of $329.70 per month.
The State has appealed.
APPEAL
The State assigns the following as error: (1) the trial court erred in deviating from the guidelines by giving the defendant credit for multiple families without existing child support orders; (2) the trial court erred in its determination that a second family credit is warranted; and (3) the trial court erred in deviating from the guidelines without giving specific written reasons for the deviation.
La.R.S. 9:315.1 provides there must be an existing child support order to allow credit for the support of children who do not reside in the home. It also provides the trial court must give specific written and oral reasons for a deviation from the guidelines.
The State argues the law is specific with respect to cases involving multiple families. The State contends the trial court erred in granting credit for a second family because none of the children reside in the defendant’s household; further, the defendant failed to introduce evidence as to the expenses incurred, or the other parent’s contribution. The defendant provided receipts for tuition paid on behalf of one of the other children, but only one of the receipts clearly identifies him as the payer. In addition, the State points out, the payment of tuition for a child is not a legal obligation, absent a court order requiring it. The State asserts that the court in this case was “very vague” in its oral reasons and provided no -written reasons.
[fiThe guidelines for determination of child support are set out in La.R.S. 9:315.1, et seq. There is a rebuttable presumption that the amount of child support •obtained by use of the guidelines is the proper amount of child support. La.R.S. 9:315.1(A). However, the court may deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. La.R.S. 9:315.1(B)(1).
The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings. [Emphasis added.]
La.R.S. 9:315.1(B)(1).
In determining whether to deviate from the guidelines, the court must consider the factors set out in La.R.S. 9:315.1(0, as follows in pertinent part:
C. In determining whether to deviate from the guidelines, the court’s considerations may include:
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household.
*808 (3) That in a case involving one or more families, consisting of children none of whom live in the household of the noncustodial or nondomiciliary parent but who have existing child support orders (multiple families), the court may use its discretion in setting the amount of the basic child support obligation.... [Emphasis added.]
“When deviating from the guidelines, courts must give specific reasons for the deviation, specifying the particular facts and circumstances evidencing that a deviation is warranted.” Guillot v. Munn, 1999-2132, p. 8 (La.3/24/00), 756 So.2d 290, 297.
In a separate ruling on a prior writ application in the Guillot case, the supreme court pointed out,
| r,The trial court erred in failing to give specific reasons detailing the facts and circumstances warranting a deviation from the child support guidelines. A deviation may be allowed where the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties. La.R.S. 9:315.1(B). Section (C)(2) does allow the trial court to consider, in determining whether to deviate from the guidelines, the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household. A deviation pursuant to this provision, however, must be supported by an evidentiary basis. In this case, no evidence was introduced as to the expenses incurred in supporting the child born to Mr. Munn’s subsequent marriage nor the extent to which his present wife contributes to the support of that child.
Guillot v. Munn, 96-0620 (La.6/21/96), 676 So.2d 86.
The court noted further that adjusted gross income as used in the guidelines means “gross income, minus amounts for preexisting child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of a child who is not a subject of the action of the court.” Id. Thus, where the obligor has no preexisting child support obligation to a child who does not reside with him, any monies paid to or on behalf of that child may not be subtracted in calculating adjusted gross income.
We note, first, that the court in this case gave oral reasons for its ruling, as follows:
I’m going to order that the State recalculate based on second family. And I note that Mr. Hughes had provided proof that he pays roughly two thousand five hundred dollars per year for the other child... .He’s going to get credit for the two hundred eight dollars per month.... [H]e’s provided proof that he is supporting another child. This is a multiple family situation.... I am modifying the support by increasing the support to three hundred and fourteen dollars a month, plus court cost, taking into account income of both the recipient and the defendant and the second family.
|7The court clearly intended to indicate it was basing its ruling on item (C)(3) of La.R.S. 9:315.1. These reasons minimally comply with the requirement of La.R.S. 9:315.1(B)(1) that court give “specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.” Nevertheless, the basis for the court’s reasoning is wrong.
The court erred in considering the amounts the defendant pays on behalf of his other children. They neither reside in his household, nor are there any child support orders for them. Thus, the defendant *809 does not fit within the “multiple families” consideration of La.R.S. 9:315.1(C)(2)-(3), and is not entitled to credit for any payments he makes to his other children.
Hence, we reverse the judgment insofar as it ordered defendant be given a credit of $208.00 toward the child support amount of $522.00 set by the court. In the interest of justice, we remand the case for a new hearing and direct that the defendant be given the opportunity to obtain child support orders for his other children so he can present proper evidence to the court of the amounts he pays on behalf of all his children.
For the foregoing reasons, the judgment is reversed in part, to delete the credit of $208.00, the judgment is affirmed insofar as it set the amount of child support at $522.00, and the matter is remanded for a new hearing consistent with this opinion, with due opportunity to be given to the defendant to establish child support orders regarding his children who are not the subject of this proceeding.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.